UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4610

TIMOTHY ROBINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-96-77-A)

Submitted: March 13, 1997

Decided: March 24, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Drewry B. Hutcheson, Jr., Alexandria, Virginia, for Appellant. Helen
F. Fahey, United States Attorney, Kathleen M. Kahoe, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Timothy Robinson appeals his convictions for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (1994), and possession of marijuana by a prisoner, in violation of 18 U.S.C. § 13 (1994). He claims that the trial judge erroneously ruled on matters of jury selection and evidence. Finding no merit to his contentions, we affirm.

I.

At the time of the alleged offenses, Robinson was an inmate at the Lorton Reformatory in Lorton, Virginia. On October 23, 1995, correctional officers found 27.4 grams of marijuana packaged for sale and $105 in cash after a search of Robinson's person and his cell.

The trial judge conducted a voir dire of the jury venire. One juror informed the court that he was a retired chief of police of Ashwood, New Hampshire. The juror also informed the court that his past occupation would not influence his decision. Robinson moved to strike the juror for cause, but the court stated that the juror "look[ed] me in the eye and said he could be impartial." The court then asked whether any prospective juror would credit the testimony of a law enforcement officer merely because of that witness's role as a law enforcement officer. No affirmative responses were received.

Robinson then challenged two of the Government's peremptory strikes as violative of Batson v. Kentucky, 476 U.S. 79 (1986). The Government stated that the jurors were struck because one was an attorney and one had, a few weeks before, sat on a jury which had returned a "not-guilty" verdict. The court then asked defense counsel if he had any reason to believe that the Government's stated reasons for the strikes were pretextual, and defense counsel answered in the negative.

During the trial, the Government called Roy Grillo as an expert in drug distribution and possession in prison. Over Robinson's objec-

tion, Grillo testified that possession of narcotics in prison perpetuates violent activity within the institution. The court then instructed the jury that "there's no violence in this case, other than the struggle mentioned by the government in locating the source[of the drugs]." The court then sustained the Government's objection to defense counsel's cross-examination regarding correctional officials' possession of drugs at Lorton. The court stated that Robinson could recall Grillo if he produced evidence, aside from his own statement, that he had been framed by Lorton guards.

II.

Robinson contends that the trial judge's failure to excuse for cause the juror who had worked as a chief of police denied him his right to a fair and impartial jury. We review a district court's refusal to excuse a juror for cause for manifest abuse of discretion. See Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989). A juror is presumed impartial, and the existence of a preconception is insufficient to rebut the presumption if the juror can "`lay aside his impression or opinion and render a verdict based on the evidence presented in court.'" Id. at 221 (quoting Irvin v. Dowd, 366 U.S. 717, 723 (1961)). Here, the trial judge questioned the juror as to any preconceptions he might have due to his law enforcement background. When the juror unequivocally responded that he could be impartial, the trial judge, after looking the juror "in the eye," concluded that no cause existed to excuse the juror. It is within the district court's sound discretion to assess the credibility of the juror's statements as to his fairness. Id. at 222. The district court credited the juror's statements, and Robinson offers this court no basis to reject that finding.

III.

Robinson also claims that the Government violated his equal protection rights when it used peremptory strikes to exclude two black jurors from the jury. Equal protection considerations prohibit a prosecutor from using peremptory strikes to exclude jurors on the basis of race. See Batson, 476 U.S. at 95-97. Under Batson, once the defendant demonstrates a prima facie case of racial discrimination, the burden shifts to the prosecution to advance a neutral explanation for the strike. Id. at 97. The defendant may then impeach the prosecution's

reasons as pretextual or inadequate. See United States v. Joe, 928 F.2d 99, 102 (4th Cir. 1991). This court accords the district court's findings as to the reasons for the peremptory strikes great deference and will reverse only for clear error. See United States v. Bynum, 3 F.3d 769, 772 (4th Cir. 1993).

Assuming that Robinson made out a prima facie case, the prosecutor came forward with race-neutral reasons for striking the jurors. No evidence was presented suggesting that the prosecutor's proffered reasons were pretextual or inadequate. We find no error in the district court's determination that race played no role in the prosecutor's actions, and we agree with the district court that there was no equal protection violation. See United States v. Valley, 928 F.2d 130, 135-36 (5th Cir. 1991).

IV.

Regarding Robinson's claims concerning evidentiary rulings, we find that the district court did not abuse its discretion. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993) (standard of review). Further, any error regarding Grillo's testimony was harmless in light of the other evidence. See Fed. R. Crim. P. 52(a).

Accordingly, we affirm Robinson's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4